IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM DARLINGTON SARRIA,

      Petitioner,

v.                                             No. 2:26-cv-0835-KG-KK

PAMELA BONDI, Attorney General of the United States;
ACTING SECRETARY, U.S. Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement;
TODD LYONS, Acting Director of Immigration and Customs
Enforcement; and
WARDEN, Otero County Processing Center,

      Respondents.[1]

### ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF DISTRICT

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition).   Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico and is proceeding *pro se*.   Petitioner states he arrived in the United States on October 6, 2024 and was released on parole.   (Doc. 1) at 5.   He was detained by Immigration and Customs Enforcement (ICE) on September 3, 2025.   *Id.*   Petitioner attaches an "Order of the Immigration Judge," dated March 11, 2026, in which an Immigration Judge denied Petitioner a change in custody status because he is deemed a flight risk due to a removal order entered in September 2025.   *Id.* at 6.   Petitioner contends the bond hearing was not constitutionally adequate, and that his removal is not reasonably foreseeable.   *Id.* at 2-3.   He seeks immediate release from custody or an individualized bond hearing.   *Id.* at 3.   Petitioner has also filed an Emergency

---

[1] The Court adds/substitutes the above-mentioned parties as Respondents in this case.   *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Motion for Release in which he asks the Court to release him while his habeas petition is pending or order an expedited bond hearing.   (Doc. 3).

Having conducted an initial review of the Petition, the Court finds the Petition is not subject to summary dismissal.   The Clerk's Office has electronically served Respondents – including the Respondents added in this Order – by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   (Doc. 2).   The Court will set a briefing schedule on the Petition, as set forth below.   The Court notes that Petitioner has not paid the $5.00 filing fee for this action.   Petitioner must either prepay the fee or, alternatively, file a motion to proceed *in forma pauperis* within thirty (30) days of entry of this Order.

With respect to the Emergency Motion, relief will be denied in part.   To the extent Petitioner is seeking a temporary restraining order (TRO), he "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief.   *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).   The Emergency Motion fails to show Petitioner is likely to suffer irreparable harm absent an emergency order, and it raises the same claims and seeks the same relief as the Petition, but on an emergency basis.   TROs are generally used to preserve the status quo until a case can be decided, rather than as a mechanism to obtain a final merits disposition.   *See Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992) (a TRO is meant to "preserve the status quo" before a final decision on the merits).   Finally, expedited relief is unnecessary, as this Court reviews Section 2241 immigration petitions immediately and rules on them as soon as possible.   The Emergency Motion will be denied, in part, without prejudice to granting relief until after the United States Attorney's Office (USAO) files a response.   To preserve Petitioner's claims,

the Court will enjoin the Government from transferring Petitioner from the District of New Mexico while this case remains pending.

IT IS THEREFORE ORDERED that:

1.  The USAO must answer the Petition (Doc. 1) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2.  If Petitioner wishes to file an optional reply, he must do so within seven (7) business days after the response is filed;

3.  The Emergency Motion for Relief (Doc. 3) is denied in part, as set forth above;

4.  The Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court;

5.  The Clerk's Office shall mail Petitioner a form motion to proceed *in forma pauperis* and add the additional party Respondents set forth in the caption of this Order to the docket of this case; and

6.  Petitioner shall pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* within thirty (30) days of entry of this Order.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3